UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**

NOV 3 0 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-37-GWU

LARRY WAGERS,                                                    PLAINTIFF,

VS:                                    MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

### INTRODUCTION

Larry Wagers brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.  If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir.  1984); <u>King v. Heckler</u>, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).   It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).   Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.  1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."   20 C.F.R.  404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Wagers, a 50 year-old former caseworker and vendor with a high school education, suffered from impairments related to a history of coronary artery disease (being status post bypass grafting), hyperlipidemia, a history of diabetes mellitus, hypertension, a history of sleep apnea, obesity, arthritis, and degenerative disc disease of the spine. (Tr. 18, 20). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the claimant's past work as a caseworker could still be performed, he could not be considered totally disabled. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Wagers could still perform a restricted range of light level work, limited by an inability to stand, walk or sit each for more than six hours in an eight hour day and a need to avoid exposure to fumes, dust,

5

odors and gases. (Tr. 23). The plaintiff was found capable of performing a restricted range of light level work in an administrative decision which became final on September 27, 2001. (Tr. 350-357). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work is in accord with these directives.

The ALJ's findings with regard to Wagers' residual functional capacity were consistent with the physical restrictions identified by Dr. Jorge Baez-Garcia (Tr. 777-782) and Dr. Parandhamulu Saranga (Tr. 798-806), the non-examining medical reviewers. The ALJ's findings were not contradicted by such treating and examining sources as Dr. Sibu Saha (Tr. 726-730), Dr. Steven Spady (Tr. 731-774), Dr. Ashwini Anand (Tr. 775-776), the staff at Memorial Hospital (Tr. 822-830), Dr. Richard Lingreen and the staff at the Spine and Brain Neurosurgical Center (Tr. 831-838, 846-853, 856-860), as well as the staff at the Clay County Medical Center (Tr. 841-845). These reports provide substantial evidence to support the administrative decision.

Wagers identified the job requirements of his past work as a caseworker on the Disability Report. (Tr. 398). This job appears compatible with the residual functional capacity found by the ALJ.

Wagers argues that the ALJ erred by failing to give proper weight to the

6

opinions of his treating physicians at the Spine and Brain Neurosurgical Center as well as Dr. Spady. However, none of these physicians ever identified the existence of more severe physical limitations than those found by the ALJ. Therefore, the Court must reject the plaintiff's argument.

Wagers also asserts that the ALJ erred by failing to find that obesity was a "severe" impairment. However, the ALJ did include this among his findings. (Tr. 20). Therefore, the Court must reject the claimant's argument.

Wagers also argues that the ALJ erred in failing to find that his condition met or equaled one of the Listing of Impairments. The plaintiff failed to cite specific medical findings concerning how a Listing section was met or equaled or to even identify which a specific Listing he thought he met or equaled. As noted by the defendant, the claimant had the burden of proving that a Listing section was met or equaled. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001). The plaintiff's extremely vague allegations are insufficient to meet this burden.

Finally, Wagers asserts that the ALJ erred in failing to consider the side effects of his medications. However, the Court notes that no physician of record indicated that these problems would impose additional limitations on the plaintiff. Therefore, the Court rejects the plaintiff's argument.

The Court notes that Wagers submitted additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 864-889). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..."  42 U.S.C. Section 405(g). The claimant has failed to

7

meet his burden by adducing arguments as to why such a remand would be required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _____30_____ day of November, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8